UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRANCE PORTER,

    Petitioner,

v.                                     CASE NO. 8:11-cv-840-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

    Porter moves (Doc. 19 and 20) to expand the record under Rule 7, Rules Governing Section 2254 Cases in the United States District Courts. Rule 7 pre-dates the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011), explains that the AEDPA restricts a federal court's review to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

Instead of using Rule 7, a petitioner must meet the requirements under Section 2254(e)(2) to obtain an evidentiary hearing. *See, e.g., Frazier v. Bouchard*, 661 F.3d

519, 528 (11th Cir. 2011) (limiting review of a Section 2254 petition to the record that was before the state court and rejecting the district court's expanding the record under Rule 7) (*citing Pinholster*), *cert. denied*, ___ U.S. ___, 133 S. Ct. 410 (2012).

Accordingly, Porter's motions to expand the record (Doc. 19 and 20) are **DENIED**.

ORDERED in Tampa, Florida, on December 12, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE