UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRANCE PORTER,

     Applicant,

v.                                  CASE NO. 8:11-cv-840-T-23SPF

SECRETARY, Department of Corrections,

     Respondent.
_____/

**O R D E R**

An earlier order (Doc. 55) denied Porter's application under 28 U.S.C. § 2254. Upon Porter's motion, the order was vacated and the action was re-opened to allow Porter an opportunity to file another reply because, as required by the then recent decision in *Rodriguez v. Sec'y, Dep't of Corr.*, 748 F.3d 1073, 1075 (11th Cir.), *cert. denied*, 135 S. Ct. 1170 (2015), Porter was entitled to a copy of the same state court record that the respondent had filed with the district court. (Doc. 62) This action proceeds under (1) Porter's supplemental reply and the respondent's sur-reply (Docs. 67 and 80), (2) Porter's several notices of supplemental authority (Docs. 72, 85, 88, 98, 99, 101, 103–105, and 116), and (3) Porter's several miscellaneous motions. (Docs. 102, 106–09, and 111)

**Grounds for Relief:**

The earlier order (Doc. 55) denied grounds one through six on the merits and rejected grounds seven through ten as untimely, with ground ten not qualifying for a

new limitation as based on newly discovered evidence. After considering his supplements, Porter fails to show entitlement to relief, and the earlier order adequately addresses Porter's claims with the following additions to address Porter's supplemental reply.

In ground four Porter alleges that appellate counsel rendered ineffective assistance by not arguing that the trial court erred by permitting speculative testimony by a state witness that the victim likely carried a large amount of cash. In his supplemental reply Porter argues that the testimony was inadmissible under Rule 90.604, Florida Rules of Evidence. The respondent's sur-reply (Doc. 80 at 15–17) correctly argues both that this claim is unexhausted because Porter never presented it to the state courts and that the testimony was admissible under Rule 90.604 because the testifying witness had personal knowledge about the victim's carrying a large amount of cash. The testifying witnesses' personal knowledge about the victim is why the basis for Porter's supplemental authority (Doc. 88) is inapplicable.

The earlier order denies grounds seven though nine as time-barred and explains that, although under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), an applicant might overcome a procedural default based on a lack of exhaustion, *Martinez* does not afford an applicant a new limitation to overcome a bar based on untimeliness. In his supplemental reply Porter erroneously contends that, upon the re-opening of this

action, the previously untimely claims are now timely.  The respondent's sur-reply (Doc. 80 at 24–28) shows the fallacy of Porter's contention.

Lastly, in ground ten Porter alleges that newly discovered evidence shows that the prosecution suppressed exculpatory evidence, specifically, the identity of the law enforcement officer to whom Porter's girlfriend gave a receipt from the hotel that Porter contends supports his alibi defense.  The earlier order concurs with the state court's determination that this was not newly discovered evidence because, as stated in the earlier order (Doc. 55 at 30), "[n]either the identity of the officer nor the hotel receipt supports Porter's alibi defense because, as determined above under ground two, Porter's presence at the hotel was both after the time of the murder and not in conflict with the eyewitnesses' testimony about seeing Porter place what they believed was a body into the victim's car."  Porter represents in his supplemental reply that the receipt proves a conflict with the eyewitnesses' testimony because "[b]oth State witnesses testified to seeing Petitioner at the crime scene near 8:00 p.m. (See, Mr. Bradley, TT. Pg. 419, Ms. Devine, TT. Pg. 362)."  The transcript refutes Porter's representation.

**Miscellaneous Motions:**

Porter moves for production of documents, to appoint counsel, to amend his application, to dismiss his motion to amend, and for consideration of actual innocence, which he amends.  (Docs. 102, 106, 108, 109 and 117)  Each motion is stricken because Porter failed to certify that he served a copy on the respondent.  This

determination renders moot the respondent's motion (Doc. 111) to strike Porter's motion for leave to amend.  Nonetheless, Porter's motions lack merit.

Accordingly, Porter's motions (Docs. 102, 106–09 and 117) are **STRICKEN** and the respondent's motion (Doc. 111) to strike is **DENIED AS MOOT**.  The earlier order (Doc. 55) is **ADOPTED IN FULL** and the amended application (Doc. 31) is **DENIED**.  The clerk must enter a judgment against Porter based on this order and the earlier order (Doc. 55) and close this case.  As determined in the earlier order, both a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.

ORDERED in Tampa, Florida, on March 29, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE